**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE: JAMES B. SPENCE, JR.,**<br><br>Debtor. | ) | **Case No. 04-64612**<br>**Chapter 7** |
| **JAMES B. NELIGAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES B. SPENCE, JR.** | ) | **AP-05-06018** |

**ORDER DISMISSING COMPLAINT**

At Charlottesville, in said District, this 5th day of July, 2005.

Upon the representation of the Plaintiff and the Defendant, both by counsel, that all matters in this Adversary Proceeding have been resolved upon the execution by the Debtor/Defendant of a Reaffirmation Agreement, a copy of which is attached hereto, it is accordingly

ORDERED

That the Plaintiff's Complaint Objecting to Discharge of Debt is hereby dismissed.

Copies of this Order are to be mailed or electronically transmitted to counsel for the Plaintiff and to counsel for the Debtor/Defendant.

United States Bankruptcy Judge

WE ASK FOR THIS:

/s/John M. Perry, Jr.
Counsel for Plaintiff

/s/W. Stephen Scott
Counsel for Debtor/Defendant

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JAMES B. SPENCE, JR.** | ) | **Case No. 04-64612-WA3-7** |
| | ) | **Chapter 7** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**REAFFIRMATION AGREEMENT**

It is hereby stipulated and agreed to between James B. Spence, Jr. ("Debtor") and James B. Neligan ("Neligan") as follows:

1. On December 10, 2004, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

2. Neligan commenced an adversary proceeding on or about March 21, 2005, seeking an order of this Court that Debtor was indebted to Neligan based upon certain claims set forth in Neligan's Complaint Objecting to Discharge and to Determine Nondischargeability of Certain Debts (Docket # 23) (hereinafter the "Neligan Complaint.") Similar adversary proceedings were also filed on or about March 21, 2005 by Thomas M. Brannock, Patrick L. King, and Westwood Associates, L.C.. The Debtor, Brannock, King, and Neligan were, on December 10, 2004, all of the members of Westwood Associates, L.C. and were all of the beneficial owners of the Westwood Land Trust. The Chapter 7 Trustee in this proceeding has abandoned the Estate's interest in Westwood Associates, L.C. and in the Westwood Land Trust.

3. The Debtor has filed an answer to the Neligan Complaint (Docket # 33), denying that Neligan is entitled to the relief requested in the Neligan Complaint.

4. Pursuant to 11 U.S.C. § 524(c), the Debtor agrees to reaffirm any and all claims, including but not limited to all claims whether accrued or unaccrued, matured or unmatured, contingent or liquidated, disputed or undisputed, that Neligan may have against him arising out of or related to the facts and circumstances alleged in the Neligan Complaint or arising out of or related to the activities of Westwood Associates, L.C., or Debtor.

5. The Debtor and Neligan acknowledge that the amount and nature of these claims are disputed by the Debtor, and the Debtor and Neligan preserve all arguments, claims, and defenses,which each may have regarding such issues for ultimate determination, if necessary, by another tribunal.

6. The Debtor and Neligan expressly agree that Neligan's agreement herein is conditioned upon Debtor's covenant and agreement (a) to provide Neligan reasonable assistance in Neligan's efforts to determine the nature and extent of the assets and liabilities of Westwood Associates, L.C., (b) to provide Neligan reasonable assistance in Neligan's efforts to defend against claims asserted against Westwood Associates, L.C., or Neligan related to or arising out of the activities of Westwood Associates, L.C., or Debtor, (c) to acknowledge that he has no further interest as a member or owner of Westwood Associates, L.C., and (d) to execute such documents as may be necessary to relinquish, transfer, and convey his beneficial interest in the Westwood Land Trust in equal shares to Brannock, King and Neligan.

7. The Debtor understands and acknowledges that he is not required under the Bankruptcy Code or other applicable law to enter into this Reaffirmation Agreement.

8. The Debtor agrees that in the event that he files a petition under the United States Bankruptcy Code while any sums are due under this Reaffirmation Agreement, this Reaffirmation Agreement shall be voidable at sole option of Neligan, in which event Neligan may file and prosecute a complaint to determine the dischargeability of any debts which the Debtor owes to Neligan.

9. The Debtor and Neligan hereby acknowledge and understand that this Reaffirmation Agreement will become enforceable unless rescinded by the Debtor at any time prior to discharge or within sixty (60) days after this Reaffirmation Agreement is filed with the court, whichever is later, by giving Neligan notice as provided in **Paragraph 10** of this Reaffirmation Agreement. In the event that the Debtor rescinds this Reaffirmation Agreement, the parties agree that Neligan shall have 10 days from the date of such rescission; or the deadline for objecting to discharge set by the court, whichever is later, to file a complaint objecting to discharge or to determine dischargeability of any debts which the Debtor owes to Neligan, including the debts alleged in the Neligan Complaint.

10. **THE DEBTOR UNDERSTANDS AND ACKNOWLEDGES THAT HE MAY RESCIND THIS REAFFIRMATION AGREEMENT AT ANY TIME PRIOR TO THE GRANTING OF HIS DISCHARGE OR WITHIN SIXTY (60) DAYS AFTER THIS REAFFIRMATION AGREEMENT IS FILED WITH THE COURT, WHICHEVER IS LATER, BY GIVING WRITTEN NOTICE TO JAMES B. NELIGAN, C/O JOHN M. PERRY, JR., EDMUNDS & WILLIAMS, P.C., P.O. BOX 958, LYNCHBURG, VIRGINIA 24505 BY FIRST CLASS MAIL, POSTAGE PREPAID, BEFORE THE EXPIRATION OF THE AFORESAID TIME PERIOD.**

11. In the event that for any reason Debtor's discharge is not granted in the bankruptcy case or the case is dismissed or converted to another chapter under the United States Bankruptcy Code, Neligan may at his option be bound by the terms of this Reaffirmation Agreement or by the claim that it had prior to the filing of the petition in bankruptcy.

12. Pursuant to 11 U.S.C. §524(c)(3), attached to this Reaffirmation Agreement as Exhibit A is the declaration of W. Stephen Scott, the attorney who represented the Debtor during the course of negotiating this Reaffirmation Agreement.

JAMES B. SPENCE, JR.

This the __ day of July, 2005.

JAMES B. NELIGAN

By /s/ John M. Perry, Jr.
Counsel

John M. Perry, Jr. (VSB # 43608)
EDMUNDS & WILLIAMS, P.C.
828 Main Street, 19th Floor
P.O. Box 958
Lynchburg, VA 24505
(434) 846-9000

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JAMES B. SPENCE, JR.** | ) | |
| **Debtors.** | ) | |
| | ) | **Case No. 04-64612-WA3-7** |
| | ) | **Chapter 7** |
| | ) | |
| | ) | |
| | ) | |

**ATTORNEY'S DECLARATION**

I, W. Stephen Scott, attorney at law, declare under penalty of perjury:

1. That I represented James B. Spence, Jr. during the course of negotiating the Reaffirmation Agreement to which this declaration is attached.

2. That to the best of my knowledge and belief, the Reaffirmation Agreement represents a fully informed and voluntary agreement by Mr. Spence.

3. That after due inquiry, and to the best of my knowledge, information and belief, the Reaffirmation Agreement does not impose an undue hardship on the Debtor or dependents of the Debtor.

4. That I fully advised the Debtor of the legal effect of the Reaffirmation Agreement and the consequences of any default under the Reaffirmation Agreement.

This this 1st day of July, 2005.

W. Stephen Scott
P.O. Box 2737
Charlottesville, VA 22902
(434) 296-2161

BAE SYSTEMS
Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

District/off: 0423-6 User: tribblel Page 1 of 1 Date Rcvd: Jul 05, 2005
Case: 05-06018 Form ID: pdf003 Total Served: 5

The following entities were served by first class mail on Jul 07, 2005.

aty +Eric J Sorenson, Jr, Edmunds & Williams, P. O. BOX 958, LYNCHBURG, VA 24505-0958
aty +John M. Perry, Jr, Edmunds & Williams, P. O. BOX 958, LYNCHBURG, VA 24505-0958
aty +Michael Alan Lewis, Regal Entertainment Group, Real Estate Department, 7132 Regal Lane, Knoxville, TN 37918-5803
aty +W. Stephen Scott, P. O. Box 2737, Charlottesville, VA 22902-2737
dft +James B. Spence, Jr., 1002 Linden Avenue, Unit 204, Charlottesville, VA 22902-5885

The following entities were served by electronic transmission.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
pla James B. Neligan
TOTALS: 1, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 07, 2005** **Signature:** Joseph Speetjens